IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN HARMON, an individual and as executrix of the estate of MARGIE NELL JOHN DEES, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:08-cv-309-MEF |
| WAL-MART STORES, INC., | ) ) | (WO) |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Plaintiff in this case seeks to recover for the death of Margie Nell John Dees. In brief, Plaintiff claims Defendant Wal-Mart should provide that recovery because the decedent's foot became tangled in a "Wal-Mart bag" in the parking lot of the Alexander City Wal-Mart, which triggered a series of unfortunate events that ended with her premature death. Because this Court lacks subject matter jurisdiction, the case is due to be remanded to the Circuit Court of Tallapoosa County, Alabama, Alexander City Division.

**II. Background**

Plaintiff filed this case in the Circuit Court of Tallapoosa County, Alabama, Alexander City Division on February 25, 2008. (Doc. # 1-3.) Plaintiffs' complaint was

styled in four counts, one each for, respectively, negligence/wantonness, wrongful death, negligent hiring and supervision, and the same claims as against two-dozen fictitious defendants.  Defendant answered on February 12, 2008, denying all material allegations in the complaint (Doc. # 1-3), and filed a Motion to Dismiss urging dismissal of all claims of the plaintiff excluding the Count for wrongful death (Doc. # 1-3) two days later.  The Circuit Court granted Defendant's Motion and dismissed with prejudice Counts One and Three of Plaintiff's complaint. (Doc. # 1-3.)   Count Two, the remaining substantive count, demands a judgment "in an amount in excess of Fifty Thousand Dollars ($50,000.00), . . . plus interests and costs" for the alleged wrongful death of Plaintiff caused by Defendant.[1]   Defendant then requested admissions from Plaintiff, to wit:

    1. That you do not claim in excess of $75,000.00 as total damages in this case.

    2. That you do not intend to claim over $75,000.00 as total damages in this case.

    3. That you will not seek over $75,000.00 in total damages in this case.

    4. That you waive any about of damages ever entered in this case in excess of $75,000.00.

    5. That you will not accept any award of damages over $75,000.00 in this case.

    6. That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Wal-Mart Stores East, L.P. or any of its employees.

---

[1]Count IV is a non-substantive count common in the courts of this State attempting to incorporate claims against "fictitious" (i.e. unknown to Plaintiff at the time of the complaint) defendants.  This Count cannot provide a basis for jurisdiction.

Plaintiffs denied each of these six requests for admission. (Doc. # 1-2.) On April 23, 2008, Defendants removed this case pursuant to 28 U.S.C. §§ 1441, 1446. (Doc. # 1.) The Notice claims that "Jurisdiction is based on complete diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs in compliance with 28 U.S.C. § 1332." Plaintiff never filed a Motion to Remand.

The case carried on, and Defendant ultimately filed a Motion for Summary Judgment (Doc. # 11) and a Motion to Strike Affidavit of Carl Johns (Doc. # 26). Both Motions are now under submission and ripe for disposition, though, for reasons set forth below, the Court will not reach their merits.

### III. Discussion

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir.1983). As such, federal courts only have the power to hear cases that they are authorized to hear by the Constitution and the Congress of the United States. *Kokkonen*, 511 U.S. at 377. Article III of the Constitution empowers the Federal Courts to hear suits between citizens of different states, and 28 U.S.C. § 1332 provides the necessary statutory authorization for that jurisdiction. That familiar statute provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." To ensure federal courts do not hear cases *ultra vires*, Federal Rule of Civil Procedure 12(h)(3) requires that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." If federal jurisdiction is founded on the removal statute and it at any time appears that the district court lacks subject matter jurisdiction, the court shall remand the case. 28 U.S.C. § 1447(c); *see also Spivey v. Fred's Inc.*, 554 F. Supp. 2d 1271, 1274 (M.D. Ala. 2008 ) (Albritton, J.). Even when there are pending dispositive motions, if the court determines that it lacks subject matter jurisdiction it should not rule on the motions, but should remand the case, *sua sponte* if necessary, pursuant to Rule 12(h)(3). *See National Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003); *see also Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking . . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*."). Such is the case here.

A removing defendant bears the jurisdictional burden of proof, and when Plaintiff seeks unspecified damages, that burden is by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citing *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006)). As this Court recently stated in describing the

Eleventh Circuit's decision in *Lowery v. Alabama Power Company*,

> The Court cautioned, however, that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." Neither the defendant nor the court may speculate about the amount in controversy. (stating that "the existence of jurisdiction" may not be "divined by looking to the stars"). . . . the nature of a claim in of itself is not sufficient to conclusively establish the amount in controversy.

*Thibodeaux v. Paccar, Inc.*, 592 F. Supp. 2d 1377, 1380 (M.D. Ala. 2009) (Fuller, C.J.) (internal citations omitted). The documents received from the Defendant must "unambiguously" and "clearly" establish federal jurisdiction. *Lowrey*, 483 F.3d at 1112 n.63.

Defendant has failed to meet its burden and jurisdiction over this action would require unbridled speculation on the part of the Court. As the Eleventh Circuit has instructed, jurisdiction must be evident from the removing documents, or remand is appropriate. It is plain from the face of the Complaint that Plaintiff seeks in excess of $50,000 to compensate for the alleged wrongful death of the decedent. This fact alone is insufficient to satisfy the $75,000 amount in controversy requirement. *See Lowrey*, 483 F.3d at 1208-12; 28 U.S.C. § 1332. A Plaintiff seeking specified damages that are not entirely above the jurisdictional amount is no different than a plaintiff seeking purely unspecified damages for purposes of proving the jurisdictional amount. *Cf. Lowery*, 483 F.3d at 1208 (explaining that a Defendant bears the burden of proving the jurisdictional

amount when the Plaintiff seeks unspecified damages).  Therefore, Defendant cannot use the Complaint alone to establish the jurisdictional amount.  Defendant recognized this infirmity and sought to cure it with so-called "other paper . . . received from the plaintiff."

A removing defendant can predicate jurisdiction on either the initial pleading, or "an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b) (emphasis added). When a defendant bases removal on a document other than the initial pleading, three specific conditions must be satisfied. There must be "(1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1215 n. 63 (quoting 28 U.S.C. § 1446(b)). "Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify." *Id.* at 1213 n. 62. Those documents include responses to requests for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and emails estimating damages. *Id.*  Even when a defendant presents evidence received from a plaintiff, the court may still question whether it sufficiently establishes the amount in controversy. *See Lowery*, 493 F.3d at 1220-21.  The "other paper" submitted in this case is a series of six requests for admission and coordinating answers (all denials) proffered

by Defendant with the Notice of Removal.

The other paper proffered by Defendant is insufficient to establish jurisdiction. Defendant attempted to establish facts "received from the plaintiff" sufficient to support jurisdiction by requesting admissions to six questions about the amount in controversy framed in the negative, such as "you do not claim in excess of $75,000.00 as total damages in this case" and "you will not seek over $75,000.00 as total damages in this case." Plaintiff responded to each of these inquiries with a simple "Deny." Defendant's apparent hope is that the negativity of the denial would, as a matter of logic, cancel the negatives in the questions, yielding an admission of the positive opposite of the negative propounded statements. (i.e., Defendant argues that if Plaintiff denies that she does not claim in excess of $75,000, she must claim in excess of $75,000 because one or the other must be true—the choice is binary). Or, stated generically, Defendant sought to prove the positive by eliciting a denial of the negative.

Defendant cannot create an end-run around the jurisdictional requirements by forcing a denial of a negative and then claim the positive is admitted and conclusively determined. It is true that in formal logic, and even in everyday language, that what *is* may be inferred from a statement about what *is not*. Or, that denial is the opposite of affirmation. Or, in a universe where only A and B are possible, but one of either A or B must be, one can construct a sound disjunctive syllogism like this one:

>Either A or B.[2]
>Not A,
>Therefore B.[3]

In the context of a request for admission to a plaintiff from a defendant, however, the effect of a denial is not the same. On the one hand, when a party admits to a fact in response to a request for admission, that fact is conclusively established for purposes of the litigation. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *see U.S. v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992). On the other, the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute. Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment (describing the purpose of requests for admission as "to ascertain whether the answering party is prepared to admit *or regards the matter as presenting a genuine issue for trial*") (emphasis added); *see also O'Meara-*

---

[2]This and the disjunctions that follow are all exclusive, which means that only one of the disjuncts is true.

[3]One could particularize this syllogism for Defendant's argument in the following way:

>Either > $75,000 is not in controversy (A) or > $75,000 is in controversy (B).
>It is not the case that > $75,000 is not in controversy (Not A),
>Therefore > $75,000 is in controversy (B).

*Stearling v. Mitchell*, 299 F.2d 401, 404 (5th Cir. 1962)[4] (noting that the purpose of this rule is to provide for admission of matters about which there is no dispute); *Gutierrez v. Mass. Bay Transp. Auth.*, 772 N.E.2d 552, 567 (Mass. 2002) ("A denial of a request for admission is not a statement of fact; it simply indicates that the responding party is not willing to concede the issue and, as a result, the requesting party must prove the fact at trial."); Larry Rogers, Jr., *Litigating Tort Cases* § 17:19 (2008) ("Contrary to an admission, a denial of a request for admission requires that the proponent of the fact introduce evidence at the trial of the cause to establish the fact."). Hence, Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute.[5] Refusal to concede is not a statement of fact and cannot support jurisdiction.

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[5]In the terms of the syllogism in footnote 3, the effect of "deny" in response to "> $75,000 is not in controversy (A)" is not "It is not the case that > $75,000 is not in controversy (Not A)." Rather, it is "There is a dispute about whether > $75,000 is not in controversy." The resulting syllogism is a non sequitur:

> Either > $75,000 is not in controversy (A) or > $75,000 is in controversy (B).
> It either is (A) or is not (Not A) the case that > $75,000 is not in controversy (i.e. there is a dispute about whether > $75,000 is not in controversy),
> Therefore > $75,000 is in controversy (B).

Therefore, while this paper is a proper item for consideration and was received from Plaintiff, its contents do not provide the clear and unambiguous statement required to establish subject matter jurisdiction over this action. Defendant has therefore not met its burden of proving facts by a preponderance of the evidence that establish jurisdiction.

### IV. Conclusion

For the reasons discussed above, it is hereby ORDERED as follows:

(1) This case is REMANDED to the Circuit Court of Tallapoosa County, Alabama, Alexander City Division;

(2) The Clerk is DIRECTED to take appropriate steps to effect the remand;

(3) All motions are left for resolution by the Circuit Court of Tallapoosa County Alabama.

Done this the 16th day of March, 2009.

      /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE